UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERMAN GEOVANNY PINTO-NUNEZ,

Plaintiff,

v.

WARDEN, *et al.*,

Defendants.

No.: 2:26-cv-00969-KES-CDB

ORDER STAYING ACTION PENDING ADMINISTRATIVE APPEAL AND DIRECTING RESPONDENTS TO FILE STATUS REPORT (A-Number 221 489 588)

(Doc. 8)

**April 30, 2026, DEADLINE**

Petitioner German Geovanny Pinto-Nunez initiated this action with the filing of petition for writ of habeas corpus on March 18, 2026, pursuant to 28 U.S.C. § 2241 while in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center. (Doc. 1). That same day, Petitioner filed a motion for temporary restraining order ("TRO"). (Doc. 2). Respondents are the unnamed Warden of the California City Correctional Center; the unnamed Field Office Director, San Diego ICE Field Office; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, Acting United States Attorney General.[1] *See id.*

The Court directed Respondents to file a response to the TRO. (Doc. 5). On March 25, 2026, Respondents filed their combined opposition to the TRO and motion to dismiss the petition.

___

[1] Markwayne Mullin is automatically substituted for the former Secretary of DHS, Kristi Noem, and Todd Blanche for Pamela Bondi, former United States Attorney General. Fed. R. Civ. P. 25(d).

(Doc. 6).  On April 14, 2026, the assigned district judge denied Petitioner's motion for TRO and referred the action to the undersigned for further proceedings.  (Doc. 8).

**Legal Standard**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "Courts have the power to consider stays *sua sponte*."  *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *see Ward v. Batra*, No. 1:21-cv-00929-SKO (PC), 2025 WL 3120243, at *1 (E.D. Cal. Nov. 5, 2025) (same).

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement."  *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011).  A court may waive the exhaustion requirement after evaluating whether: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).  "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

**Discussion**

The undersigned incorporates herein the Court's findings in its order denying Petitioner's motion for temporary restraining order.  *See* (Doc. 8).  In denying the motion, the assigned district judge noted that Petitioner received a hearing where the immigration judge ("IJ") denied bond after finding that Petitioner was a flight risk and, thereafter, Petitioner appealed the immigration judge's order to the Board of Immigration Appeals ("BIA").  *See id.* (citing Docs. 6-1, 6-2, 6-3).  The Court explained that a "noncitizen dissatisfied with the IJ's bond determination must ordinarily file an administrative appeal so that the necessity of detention can be reviewed by… the BIA.  If petitioner remain[s] dissatisfied after the BIA rules on his appeal, then he may file a petition for habeas corpus

in the district court.  When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies[.]"  *Id.* (citing *Leonardo*, 646 F.3d at 1160, & *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)) (internal citations and quotations omitted; alterations in original).

Here, the record shows that Petitioner's appeal remains pending before the BIA.  *See* (Doc. 6-3).  A review of the Executive Office of Immigration Review's ("EOIR") Automated Case Information database evidences a hearing set for April 23, 2026, before an immigration judge.[2]  The undersigned finds that analysis of the *Puga* factors does not support waiver of the exhaustion requirement, as relaxation of the requirement may encourage bypass of the administrative scheme and administrative review may allow correction of mistakes and generation of a proper record, as well as preclude the need for judicial review.  *See Nagiyev v. Warden, Otay Mesa Det. Ctr.*, No. 25-cv-3744 JLS (MMP), 2026 WL 945965, at *2 (S.D. Cal. Apr. 7, 2026) (evaluating *Puga* factors and determining that, though Petitioner presented "some compelling statistics, the Court is not prepared to find that appeal to any BIA judge is necessarily futile").

Accordingly, the undersigned concludes that a stay is appropriate to allow the BIA to rule on the pending appeal.  *See Leonardo*, 646 F.3d at 1160.  The undersigned will direct the Respondents to file a status report regarding the results of the appeal.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1.  This action is STAYED pending the completion of Petitioner's appeal before the BIA regarding denial of release on bond; and

///

///

///

___

[2] See https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 15, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

2.  Respondents SHALL FILE a status report addressing the status of the appeal no later than **April 30, 2026**.

IT IS SO ORDERED.

Dated:   **April 16, 2026**

_____
UNITED STATES MAGISTRATE JUDGE